**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| D.D.F.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 25-5374 (RMB) <br><br> **MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge**:

**THIS MATTER** comes before the Court upon a revised application to proceed *in forma pauperis* ("IFP") and supplementary allegations filed by Plaintiff D.D.F. ("Plaintiff") in this apparent Socia Security appeal.[2]    [Docket Nos. 8–9.]   After review, the Court will **GRANT** Plaintiff's IFP application, but **DISMISS WITHOUT PREJDUICE** the Complaint for failure to comply with Federal Rule of Civil Procedure 8, lack of subject matter jurisdiction, and failure to state a claim.

## I.    IFP

Courts in the Third Circuit only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006).  While IFP

---

[1] Due to the significant privacy concerns in Social Security cases, any non-governmental party will be identified and referenced solely by initials in opinions issued in Social Security cases in the United States District Court for the District of New Jersey.  *See* D.N.J. Standing Order 2021-10.

[2] On February 3, 2026, the Court denied Plaintiff's first IFP application and strongly encouraged Plaintiff to revise his Complaint for want of clarity.  [Docket No. 5.]

status is not reserved solely for the "absolutely destitute," the litigant "must establish that he is unable to pay the costs of his suit." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (first citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); and then quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status must "provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for *in forma pauperis* status." *Freeman v. Edens*, No. 07-1227, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (citation omitted). After considering Plaintiff's monthly income, negligible  liquidity, monthly expenses, and exigent circumstances, the Court finds he cannot pay the court fees and grants his application to proceed IFP. *See* [Docket No. 9.]

## II.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading in federal court. *See* FED. R. CIV. P. 8. The Rule requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(1)–(2). Subsection (d)(1) additionally requires that "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). Plaintiff should not

mistake Rule 8 as an empty formality. "Careful pleading … is not a matter of etiquette or housekeeping; it is necessary to provide defendants with notice of the claims asserted against them and the grounds upon which each claim rests so that they can properly frame an answer." *Foulke v. Twp. of Cherry Hill*, No. 23-2543, 2024 WL 3568841, at *12 (D.N.J. July 29, 2024); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Rule 12(b)(6) tests the factual and legally sufficiency of the allegations. To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556. The Court is not compelled to "credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). Moreover, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); FED. R. CIV. P. 12(h)(3).

While the Court must construe Plaintiff's *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he is not exempt from complying with these federal pleading standards, *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010); *see Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir.

3

2013)) ("Moreover, while *pro se* pleadings are liberally construed, '*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'").

### III.    DISCUSSION

#### A. Plaintiff's Allegations

The Court discerns the following allegations from the Complaint and its attachments: On October 12, 2001, Plaintiff filed an application for Supplemental Security Income ("SSI"), alleging disability since November 26, 2000. [Docket No. 1-3, at 8.] The Administrative Law Judge ("ALJ") issued a fully favorable decision on August 11, 2004, finding Plaintiff a disabled individual since October 12, 2001, and therefore eligible for SSI, so long as non-disability criteria were satisfied. [*Id.* at 9, 13.] In 2004, Plaintiff went to a Social Security office to ascertain why he was not receiving SSI benefits. [Docket No. 1, at 2 ("Compl.").] A representative allegedly informed Plaintiff that he "need[ed] one credit," which apparently "had to do with the previous years [he] worked before [he] got injured." [*Id.*] Jump sixteen years later and Plaintiff alleges that in both March 2020 and March 2021 he learned of his "disqualifi[cation] for SSI … because of assets [he] owned." [*Id.* at 3.] On March 15, 2021, Plaintiff called another Social Security office and "explained that [he] wanted to procure my disability thru SSD [Social Security Disability] and not SSI and that my physical circumstances and income had not changed since I was disqualified previously for SSI." [*Id.*] Four more years later, Plaintiff now petitions this Court to review his disability benefits claim. *See* [Compl.]

After denying his first IFP application, the Court took care to caution Plaintiff that the allegations above were simply too vague to survive screening. [Docket No. 5, at 3–5.] First, it was not clear what exactly Plaintiff sought review of—a denial of SSI benefits, SSD benefits,

or both.  [*Id.* at 3.]  Or possibly a challenge to an ineligibility decision based on non-disability

qualifications.  [*Id.*]  Whichever review he intended, the Court advised Plaintiff that he had

not satisfied his burden to demonstrate subject matter jurisdiction.  [*Id.* at 3–5]; *In re Nat.*

*Football League Players Concussion Inj. Litig.*, 775 F.3d 570, 574 (3d Cir. 2014) (quoting *Samuel–*

*Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

  If Plaintiff sought review of a denied claim for reason of disability, the Court explained

that neither the Complaint nor its attachments alleged an SSI or SSD "final decision"

rendered by the Commissioner; a jurisdictional prerequisite.[3]  [Docket No. 5, at 3–4]; *Chailla*

*v. Comm'r of Soc. Sec. Admin.*, 838 F. App'x 653, 655 (3d Cir. 2020) (citing *Fitzgerald v. Apfel*,

148 F.3d 232, 234 (3d Cir. 1998)); 42 U.S.C. § 405(g).  To the extent Plaintiff alleged a

justiciable SSI claim, the Court further questioned the timeliness of this claim, as Plaintiff

waited over twenty years from the ALJ's decision to seek review in this Court, well past the

sixty-day deadline set by 42 U.S.C. § 405(g).  [Docket No. 5, at 4.]  Lastly, the Court noted

Plaintiff's failure to elucidate how this Court possesses subject matter jurisdiction over a claim

seeking review of non-disability determinations, if he intended such a claim.[4]  *See* [Compl.;

Docket No. 1-1.]  In light of these issues, the Court strongly encouraged Plaintiff to revise his

---

[3] Under the relevant regulations, a "final decision" is rendered after a benefits claimant has completed a four-step administrative review process.  Before a claimant seeks relief in a federal court, he must generally: (1) "seek an initial determination [before the SSA] as to his eligibility"; (2) "seek reconsideration of the initial determination" in the agency; (3) "request a hearing, which is conducted by an ALJ"; and (4) "seek review of the ALJ's decision by the Appeals Council." *Smith v. Berryhill*, 587 U.S. 471, 476–77 (2019) (citing 20 C.F.R. § 416.1400)).  "If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court."  *Id.*

[4] Plaintiff's civil cover sheet asserted review of a denied claim for reason of disability as the jurisdictional basis.  *See* [Docket No. 1-1.]

Complaint and clarify his claims, making sure to set forth sufficient allegations regarding the factual, procedural, and jurisdictional basis for each claim.  [Docket No. 5, at 5.]

Plaintiff's submission to the Court addresses and clarifies none of these concerns.  *See* [Docket No. 8.]  There is a passing reference to the Social Security Administration, but the supplement is mainly a recitation of the trials and travails suffered by Plaintiff in recent years. *See* [*id.*]  Consequently, the Court still cannot discern the claims alleged, the supporting factual allegations, and, therefore, subject matter jurisdiction.  The Court will dismiss the Complaint without prejudice for not complying with Rule 8,  and lack of subject matter jurisdiction and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**B.  Leave to Amend**

Because of the pleading deficiencies identified now for the second time, Plaintiff shall have thirty (30) days from the entry of this Memorandum Order to explain why this Court should grant him leave to file an amended complaint.  Should Plaintiff not timely show cause, the Court will dismiss the Complaint with prejudice.

**IV.    CONCLUSION**

For the reasons above, and for good cause shown,

**IT IS**, on this <u>15th</u> day of <u>June</u> <u>2026</u>, hereby:

1.    **ORDERED** that Plaintiff's IFP application [Docket No. 9] is **GRANTED**; and it is further

2.    **ORDERED** that the Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**; and it is further

3.    **ORDERED** that Plaintiff shall, if he elects to do so, **SHOW CAUSE** within thirty (30) days of the entry of this Memorandum Order explaining why this Court should grant

him leave to file an amended complaint in light of the pleading deficiencies identified above; and it is further

4.    **ORDERED** that if Plaintiff chooses not to show cause, then the Court will dismiss the Complaint with prejudice; and it is further

5.    **ORDERED** that this case shall remain **ADMINISTRATIVELY TERMINATED**; and it is finally

6.    **ORDERED** that the Clerk of the Court shall mail Plaintiff a copy of this Memorandum Order and prior Order [Docket No. 5] at his mailing address of record.

*/s/ Renée Marie Bumb*
Renée Marie Bumb
Chief United States District Judge

7